Pearson, J.
 

 If the land had ever belonged to the defendant and he had borrowed $1000 of the plaintiff’, and conveyed the land to him to secure its repayment, with an understanding that the defendant was to remain in
 
 *160
 
 possession, under a loase from year to year, at a rent of $100 per annum until he was able to repay the money, there would be no difficulty in dealing with this case in a Court of law, provided the jury were satisfied that it was a contrivance to cover an usurious lending. For the note now sued on would be void. The lease would also be void, and the title remain in the defendant, who would be under no obligation to pay rent for his own land. But the land never belonged to the defendant, and it is difficult, in a Court of law, to sustain the view taken of the case in the Court below. If it be a cover for usury, it is a cunning and subtle contrivance which can only be reached in a Court of Equity, and disproves the confident assertion of my Lord Coke, “that the wit of man cannot devise a mode, whereby to evade the statute of usury/* The title passed from McLure and Murray to the plaintiff, upon his paying them the balance of the purchase money, \\ Inch the defendant was unable to pay. No usury is alleged between McLure and Murray and the plaintiff'; so that deed cannot lie void, and the plaintiff has the title, subject to a right on the part of the defendant, to hold the ■ possession, at a rent of $100 per annum, and to call for 'the title wlienever he repays $1000 to the plaintiff. The plaintiff d< mands payment of the note now sued on. The ‘defendant, says the note is void, being given for rent under an usurious lease, which was contrived as a mere cover. ’Well, consider the lease void. The plaintiff is entitled to the possession of the land, being in law the owner, andean recover it in ejectment,
 
 King
 
 v.
 
 Manney.
 
 6 Ire. Eq., and can recover
 
 mesne profits,
 
 which will be equal to and perhaps exceed the annual sum of $100. How can this be otherwise in a Court of Jaw
 
 1
 
 He is admitted to be the owner of the land, and must be allowed to taKe “possession, or to be paid lor the use and occupation. The "defendant t-hen, is compelled to depend upon the lease 5 there is no other ground, upon which he can stand, and,
 
 *161
 
 of course, if he abides by the-lease, he must pay the rent. Another feature in this case, which shows, that a Court of law cannot give redress, is, that the plaintiff has no obligation upon the defendant for the $1000. If the defendant chooses to pay it, he can, in a Court of Equity, call for the legal title ; if he does not choose to do so, the plaintiff cannot compel him, but is content to keep the land, so that the relation of debtor and creditor does not exist, and there cannot well be a foi bearance tosue, where there is no debt. By way of further illustration ; A. informs 13., that C. has a tract of land, for which he will take $1000, and agrees, that if B. will buy the land, he will lease it at an annual rent of $100, with the privilege of buying the fee simple when he is able to pay $1000, B. pays C. the price and takes a deed, and leases to A. at $100. There is'no usury between 13. and C , for it was a purchase, nor between B. and A., for it was a lease ; and yet B. is receiving 10 per cent.. Vary the case by supposing that A. had contracted to buy the land fromC, at $1500, and had paid $500. Being unable to pay the balance, B. at his instance, pays it, and takes the title, giving A. a lease at an annual rent of $100, with the privilege of calling for the fee simple, by paying B. the $1000. B. was induced to buy, for the sake of getting a safe investment at. 10 per cent. This is the case we have under consideration. Consider the lease void at law for usury’, the title is in B. and he has a right to the possession or to rent. In a Court of Equity,
 
 A.
 
 can insist, that, by reason of his original contract, on the payment of the $500, he has a part of the equitable estate, and that B, holds the title in trust, to secure the payment of the $1000 and then in trust for A. who has a right to redeem, on payment of what is
 
 bona fide
 
 due with legal interest.
 
 Thorpe
 
 v.
 
 Ricks,
 
 1 Dev & Bat. Eq. 013. A Court of Equity can give adequate relief; but a Court, of Law
 
 *162
 
 cannot take notice of the interest of the original purcha* ser, because he never had the legal estate.
 

 We are of opinion, that there was error in the Court below, because that Court could not take notice of the equitable estate of the defendant, but must look upon the plaintiff as the owner of the land, and, as such, he was entitled to a judgment for his rent; and the Court ought to have instructed the jury, that there was no evidence to sustain the plea of usury.
 

 Pee Curiam.
 

 Judgment reversed and a
 
 venire de novo
 
 awarded.